Per Curiam.

Counsel for appellees filed motions, to dismiss the appeals for the reason that the same are moot. Upon consideration thereof, the court finds said motions not well taken and overrules the same.
As to case No. 34004, Section 2731.01, Revised Code, defines mandamus as follows: “Mandamus is a writ, issued in the
name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. ’ ’ By its very definition, the writ of mandamus is a writ which shall be issued only to an inferior tribunal.
Although the Clerk of the Supreme Court is simply a ministerial officer of the Supreme Court (State, ex rel. McKean, v. Graves, Secy. of State, 91 Ohio St., 23,109 N. E., 528), he acts as the court in carrying out its instructions. The clerk being a ministerial officer of the court, the court has the power to order him either to file or to refuse to file any matter presented to him. In the event of his refusal to file a paper properly presented to him, the, court may either remove him or order the paper filed by court action. It does not follow from that, however, that any court inferior to the Supreme Court has the authority to issue similar instructions to such clerk.
In case No. 34089, similar reasoning may be applied in regard to the jurisdiction of the Court of Appeals to issue a writ of prohibition. This court in State, ex rel. Nolan, v. ClenDening, 93 Ohio St., 264, 112 N. E., 1029, said:
‘ ‘ ‘ The writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal properly and technically denominated such, or to an inferior ministerial tribunal possessing incidentally judicial powers and known as a quasi-judicial tribunal, or even in extreme cases to a purely ministerial body, commanding it to cease abusing or usurping judicial functions.’ ”
Inasmuch as the Supreme Court is not a tribunal inferior *176 to the Court of Appeals, it is axiomatic that there was no basis for the issuance of the writs by the Court of Appeals.
The judgments of the Court of Appeals are, therefore, affirmed.

Judgments affirmed.

Matthias, acting. C. J., Bell, Ross, Skeel, Hildebrant, Hurd and Kovachy, JJ., concur.
Matthias, J., sitting in the place and stead of Weygandt, C. J., pursuant to Section 2503.04, Revised Code.
Ross and Hildebrant, JJ., of the First Appellate District, and Kovachy, Skeel and Hurd, JJ., of the Eighth Appellate District, sitting by designation in the place and stead of Matthias, Hart, Zimmerman, Stewart and Taet, JJ., pursuant to Section 2, Article IV of the Constitution.